IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HARI STUDIOS, | |
| Plaintiff, | Case No. 1:26-cv-187-RP |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Hon. Robert Pitman |
| Defendants. | |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff, Hari Studios ("Plaintiff") hereby moves for entry of an order for expedited discovery as to Defendants ("Defendants").

As alleged in Plaintiff's Complaint, Defendants are individuals or business entities of unknown makeup who own and/or operate e-commerce stores under the Seller Aliases identified on Schedule A to the Complaint ("Seller Aliases") and/or other seller aliases not yet known to Plaintiff. Complaint at ¶12. Defendants have targeted sales to Texas residents by setting up and operating e-commerce stores that target United States consumers using at least the Seller Aliases, offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, have sold products bearing infringing and counterfeit versions of Plaintiff's copyrights (the "Grizzy and the Lemmings Copyrights") to residents of Texas. *Id.* at ¶¶ 38.

Fed. R. Civ. P. 26(d) allows for discovery before the parties have conferred when authorized by a court order. Fed. R. Civ. P. 26(d). The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007

WL 4557812, at *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). The Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. See, e.g., Fed. R. Civ. P. 26(d); id. 16(b)(3)(B); id. 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id*. 26(d)(1). The Court may order expedited discovery if there is "some showing of good cause" to justify the order. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc*., 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004), citing 8A Charles Alan Wright et al., *Federal Practice and Procedure: Civil* § 2046 .1 (3d ed. 1994). Further, courts have broad power over discovery and may permit discovery to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2). Good cause is shown "where the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party." *See Energy Prod. Corp. v. Northfield Ins. Co*., 2010 WL 3184232, at * 3 (E.D. La. 2010) (quoting *Semitool, Inc. v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool, Inc.,* 208 F.R.D. at 277.

In order to effectuate service, Plaintiff needs to seek limited discovery from the third party platforms that Defendants operate on. Plaintiff has good cause for the expedited discovery requested herein because infringement is ongoing and continuous, necessitating immediate relief, and because identifying information for all parties involved in this counterfeiting scheme is necessary to move this case forward. Since contact information is not made public by the third party ecommerce platforms, expedited discovery is necessary to learn about Defendants' identities.

Plaintiff's request is narrowly tailored to contact information that Plaintiff will need in order to serve Defendants. Accordingly, Plaintiff respectfully requests that this Court enter an order for expedited discovery, in the form submitted herewith. Subject to Local Rule CV-7 (G), Plaintiff advises the court that compliance under this rule would be impracticable, as contact with the opposing parties is what is being sought in this motion, and Plaintiff otherwise does not have a way to confer with the opposing party if the motion is opposed. For avoidance of doubt, the motion can be assumed to be opposed.

Dated: February 3, 2026                              Respectfully submitted,

*/s/ Sofia Quezada Hastings*
Sofia Quezada Hastings
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
shastings@agdglaw.com
***Attorneys for Plaintiff***