# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

HARI STUDIOS,

    Plaintiff,

v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendants.

Case No. 26-cv-187-RP

Hon. Robert Pitman

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

I.      Introduction ............................................................................................................ 1

II.     The Background Facts ............................................................................................. 1

   A.     Plaintiff's Coyrights and Products........................................................................ 1

   B.     Defendants' Unlawful Conduct ............................................................................ 2

III.    Entry of An Injunction is Appropriate ................................................................... 2

   A.     Defendants Should Be Restrained from Violating Plaintiff's Copyright Rights ............ 3

      1.     Plaintiff Will Prevail On Its Copyright Claims............................................. 4

      2.     Plaintiff Will Suffer Irreparable Harm In the Absence of a Preliminary Injunction ...... 5

      3.     The Balance of Hardship Favors Granting Injunctive Relief. ....................................... 6

      4.     The Public Interest Favors Granting Injunctive Relief. .................................................. 7

   B.     The Equitable Relief Sought by Plaintiff is Appropriate............................................... 8

      1.     Preventing the Fraudulent Transfer of Assets is Appropriate....................................... 8

IV.    Bond for the Preliminary Injunction ........................................................................ 9

V.     Conclusion ................................................................................................................. 9

## I.  Introduction

Plaintiff, Hari Studios ("Plaintiff"), requests preliminary injunctive relief based on an action for copyright infringement against the defendants identified on Schedule A to the Complaint (collectively "Defendants"). Defendants are advertising, importing, distributing, offering for sale, and selling products using infringing versions of Plaintiff's federally registered copyrights ("Unauthorized Grizzy Products") through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (the "Seller Aliases").

Defendants run sophisticated counterfeiting operations and have targeted sales to Texas residents by setting up and operating e-commerce stores using one or more Seller Aliases through which Texas residents can purchase Unauthorized Grizzy Products. Those e-commerce stores share unique identifiers establishing a logical relationship between them. Further, Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their operations. Plaintiff is forced to file this action to combat Defendants' mass online infringement of its registered copyrights, as well as to protect unknowing consumers from purchasing Unauthorized Grizzy Products over the Internet. Defendants' ongoing unlawful activities should be restrained, and Plaintiff respectfully requests that this Court issue a preliminary injunction, upon proper notice pursuant to Rule 65(a)(1).

## II.  The Background Facts

### A.  Plaintiff's Coyrights and Products

Plaintiff is the creator and producer of the French animated comedy television series Grizzy (also known as Grizzy and the Lemmings, Grizzy and the Lemmings: World Tour or Grizzy). The main protagonists are an animated Grizzy bear and a group of mischievous lemmings, along with

---

[1] The e-commerce store urls are listed on Schedule A to the Complaint under the Online Marketplaces.

other forest animals. The series was a huge success, expanding to air in multiple countries and earning several awards. Subsequent seasons of the show have introduced other animal species in addition to the forest animal characters. Since then, Plaintiff has marketed, advertised, sold, and offered for sale various goods under the Grizzy Copyrights.

**B.      Defendants' Unlawful Conduct**

The success of the Grizzy brand has resulted in its significant counterfeiting. Consequently, Plaintiff has launched a brand protection program to investigate suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were offering for sale or selling Unauthorized Grizzy Products to consumers in this Judicial District and throughout the United States. Such activities have resulted in an increase in the shipment and importation of unauthorized products into the United States.

Plaintiff's well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases and the Unauthorized Grizzy Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants and that Defendants are interrelated. If Defendants provide additional credible information regarding their identities, Plaintiff will amend the Complaint.

**III.     Entry of An Injunction is Appropriate**

Defendants' purposeful, intentional, and unlawful conduct is causing and will continue to cause irreparable harm to Plaintiff's reputation and the goodwill symbolized by the Grizzy Copyrights. The entry of a preliminary injunction is appropriate because it would immediately stop the Defendants from benefiting from the sale of Unauthorized Grizzy Products and their wrongful use of the Grizzy Copyrights.

This Court has original subject matter jurisdiction over the claims in this action pursuant

to the provisions of the Copyright Act, 17 U.S.C. § 504, *et seq.*, and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are foreign defendants and are subject to this Court's personal jurisdiction.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target their business activities toward consumers in the United States, including Texas, through at least the fully interactive e-commerce stores operating under the Seller Aliases. Defendants targeted sales to Texas residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Texas, accept payment in U.S. dollars and, on information and belief, have sold Unauthorized Grizzy Products to residents of Texas. See*, e.g.*, *SKM Prods., LP v. Alta Source Nutraceuticals, LLC,* 2006 WL 8434170, at *3–4 (W.D. Tex. Dec. 7, 2006) (defendants' offers to sell counterfeit product on their Internet stores constitute tortious activity committed in Texas sufficient to establish specific personal jurisdiction over defendants in this court); *Global 360, Inc. v. Spittin' Image Software, Inc.*, 2005 WL 625493, at *5 (N.D. Tex. Mar. 17, 2005) ("Operating an Internet website for the purpose of selling allegedly infringing product to Texas consumers, as alleged here, constitute sufficient minimum contacts" to establish specific personal jurisdiction). Each Defendant is committing tortious acts within Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff injury in Texas.

A.    **Defendants Should Be Restrained from Violating Plaintiff's Copyright Rights**

The decision to award a preliminary injunction rests within the sound discretion of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305. 320 (1982). Courts engage in a multi-

3

step analysis when addressing preliminary injunctive relief. *Id.* The movant must show that: (1) it has some likelihood of success on the merits (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest. *Whirlpool Corporation v. Shenzhen Sanlida Electrical Technology Company, Ltd.*, 80 F.4th 536, 543 (5th Cir. 2023) (affirming PI); *PAAKline, LLC v. Dongguan Airuise Trading Co., Ltd.,* 1:22-cv-1082-LY, 2022 WL 18110060, *2 (W.D. Tex. 2022). "A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried their burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). However, a plaintiff "is not required to prove its case in full at" a PI hearing (*Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1985), and at this stage, "the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence" (*Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993)).

Here, Plaintiff will clearly suffer substantial and irreparable harm if Defendants are allowed to continue to infringe on the Grizzy Copyrights. The facts of this case compel the issuance of a temporary injunction against Defendants because Plaintiff meets all four requirements.

### 1. Plaintiff Will Prevail On Its Copyright Claims

The United States Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright." 17 U.S.C. § 501. Among these exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to reproduce, prepare derivative works of, distribute copies of, and display the Grizzy Copyrights to the public. 17 U.S.C. § 106. To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity. *Positive Black Talk, Inc. v. Cash*

4

*Money Records, Inc*., 394 F.3d 357, 367 (5th Cir.2004). "As direct evidence of copying is rarely available, factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Peel & Co. v. Rug Market*, 238 F.3d 391, 394 (5th Cir.2001). To prove substantial similarity, a plaintiff must show that the copyrighted expressions in the two works are sufficiently alike that the copyright to the original work has been infringed. *Positive Black Talk Inc*., at 367.

With respect to the first element, Plaintiff is the owner of the Grizzy Copyrights, including the distinctive characters embodied therein. See *DaVinci Editrice S.R.L. v. ZiKo Games, LLC*, No. CIV.A. H-13-3415, 2014 WL 3900139 at *12 (S.D. Tex. Aug. 8, 2014). Copyright law protects "not only the [character's] visual resemblance but also the totality of the character's attributes and traits." *Warner Bros., Inc. v. Am. Broad. Cos*., 720 F.2d 231, 241 (2d Cir.1983) (citations omitted). Regarding the second element, Defendants are willfully and deliberately reproducing the Grizzy Copyrights in their entirety and are willfully and deliberately distributing copies of the Grizzy Copyrights to the public by sale. Defendants' unauthorized copies are identical or substantially similar to the Grizzy Copyrights. As this type of copying directly infringes Plaintiff's rights under 17 U.S.C. § 106, Plaintiff has proved it has a reasonable likelihood of success on the merits for its copyright infringement claim.

### 2. Plaintiff Will Suffer Irreparable Harm In the Absence of a Preliminary Injunction

Once a likelihood of success on the merits has been shown, a plaintiff must show that it is likely to suffer irreparable injury absent entry of the requested injunction. See *Winter v Natural Res. Def. Council, Inc*., 555 US 7, 22 (2008). Irreparable injury in copyright infringement cases is shown when "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Ebay Inc. v Mercexchange*, L. L. C., 547 US 388, 391 (2006). For example, an

injury that "is not easily measurable in monetary terms, such as an injury to reputation or goodwill, is often viewed as irreparable." 11A Charles Alan Wright, Arthur Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice Procedure* § 2948.1 (2d ed.). "Although a finding of copyright infringement does not give rise to a presumption of irreparable harm, ... a finding of irreparable harm often naturally, if not inevitably, follows from a finding of infringement … [c]ontinuing infringement [] cannot be adequately addressed by damages after the fact." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 259 F. Supp. 2d 531, 537 (N.D. Tex. 2003).

Plaintiff is irreparably harmed by reduction in market share resulting from Defendants' infringing works. Defendants' unauthorized use of the Grizzy Copyright has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to reputation, loss of exclusivity, loss of future sales, loss of control over the customer service interaction, and loss of the ability to monitor and control product handling and inventory volumes. That all contributes to a substandard customer interaction with the Grizzy Copyright which in turn damages Plaintiff's reputation and good will. The extent of the harm to Plaintiff's reputation and good and the possible diversion of customers due to loss in brand confidence are both irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief.

Plaintiff will suffer immediate and irreparable injury, loss, or damage if an injunction is not issued in accordance with the Federal Rules of Civil Procedure 65(a).

### 3. The Balance of Hardship Favors Granting Injunctive Relief.

In assessing the balance of hardships, "a sliding scale can be employed, balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits." *Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 203 n. 2 (5th Cir.1979). Plaintiff has established a high likelihood of success on the

merits, therefore, the balance of harms does not need to weigh heavily in its favor. However, the balance of harms does weigh heavily in Plaintiff's favor.

Defendants have been profiting from the sale of the Unauthorized Grizzy Products. The public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. Plaintiff has invested substantial resources into its Grizzy Copyright, and the goodwill associated therewith. In contrast, any injury that Defendants might suffer from entry of a preliminary injunction is nothing more than part of the cost Defendants must pay for violating the law. The injunction would not interfere with any legitimate business or commercial use. The injunction prevents Defendants from profiting off its unlawful acts. Defendants do not have the legal right to use the Grizzy Copyright. Therefore, the balance of hardship weighs in Plaintiff's favor as the injunction would merely serve its purpose by preventing Defendants' continued infringement.

### 4. The Public Interest Favors Granting Injunctive Relief.

As matter of law, an injunction that preserves the integrity of copyright laws is in the public interest. See *DSC Commc'ns Corp. v. DGI Techs., Inc*., 898 F. Supp. 1183, 1196 (N.D. Tex. 1995), aff'd, 81 F.3d 597 (5th Cir. 1996); *UMG Recordings, Inc. v. Braden*, No. A-08-CA-703 LY, 2009 WL 10669536, at \*4 (W.D. Tex. Sept. 14, 2009), *report and recommendation adopted sub nom*. *Sony BMG Music Entm't v. Braden*, No. A-08-CA-703-LY, 2009 WL10669927 (W.D. Tex. Dec. 22, 2009) ("injunctions are regularly issued pursuant to the mandate of section 502 because the 'public interest is the interest in upholding copyright protections'[;] ... An injunction will not harm the public interest, but rather, serve it."); *Id*. ("An injunction is necessary to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights."); *Cisco Systems, Inc. v. Huawei Technologies, Co*., 266 F. Supp. 2d 551, 554 (E.D. Tex. 2003) (holding injunction related to infringement of copyright in software

would not disserve the public interest); *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 259 F. Supp. 2d 531, 537 (N.D. Tex. 2003) (finding "public interest inherent in enforcing the copyright laws").

The public has an interest in not being subjected to confusing and potentially misleading works. The public is currently under the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement. Defendants do not have the legal right to use the Grizzy Copyrights. Therefore, the public is served by entry of an injunction.

## B.     The Equitable Relief Sought by Plaintiff is Appropriate.

### 1.     Preventing the Fraudulent Transfer of Assets is Appropriate.

Plaintiff requests a restraint of Defendants' assets so Plaintiff's right to an equitable accounting of Defendants' profits from sales of Unauthorized Grizzy Products is not impaired. Issuing a restraint will ensure Defendants' compliance. If such a restraint is not granted in this case, Defendants may disregard their responsibilities and fraudulently transfer financial assets to overseas accounts before a restraint is ordered. Specifically, on information and belief, the Defendants in this case hold most of their assets in off-shore accounts, making it easy to hide or dispose of assets, which will render an accounting by Plaintiff meaningless.

Courts have the inherent authority to issue a prejudgment asset restraint when plaintiff's complaint seeks relief in equity. *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007). In addition, Plaintiff also has shown a strong likelihood of succeeding on the merits of its copyright infringement claim and is therefore entitled to recover "… any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Plaintiff's Complaint seeks that Defendants account for and pay to Plaintiff all profits realized by Defendants through its unlawful acts. This Court has the inherent equitable authority to grant Plaintiff's request for a

prejudgment asset freeze to preserve relief sought by Plaintiff. See *In re 2920 ER, L.L.C.*, 607 F. App'x 349, 356-57 (5th Cir. 2015).

## IV. Bond for the Preliminary Injunction

The posting of security upon issuance of a preliminary injunction is vested in the Court's sound discretion. *Kaepa, Inc. v. Achilles Corporation,* 76 F.3d 624, 628 (5th Cir. 1996). Because of the strong and unequivocal nature of Plaintiff's evidence of copyright infringement, Plaintiff respectfully requests this Court require Plaintiff to post a bond of no more than ten thousand U.S. dollars ($10,000.00).

## V. Conclusion

Defendants' unlawful operations are irreparably harming Plaintiff's business, its Grizzy brand, and consumers. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court enter a preliminary injunction in the form submitted herewith.

Dated: May 8, 2026                                  Respectfully submitted,

> /s/ *Sofia Quezada Hastings*
> Sofia Quezada Hastings
> shastings@agdglaw.com
> ***One of the Attorneys for Plaintiff, Hari Studios***

Matthew De Preter
Sofia Quezada Hastings
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3139
cdepreter@agdglaw.com
shastings@agdglaw.com

4860-7685-4672, v. 1