UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HARI STUDIOS, §
§
Plaintiff, §
§
v. § 1:26-CV-187-RP
§
THE PARTNERSHIPS AND §
UNINCORPORATED ASSOCIATIONS §
IDENTIFIED ON SCHEDULE A, §
§
Defendants. §

## ORDER

Before the Court is Plaintiff Hari Studios' ("Plaintiff") Motion for Preliminary Injunction, (Dkt. 11). After considering Plaintiff's arguments, the supporting evidence, and the relevant law, the Court finds that the Motion should be denied.

## I. BACKGROUND

Plaintiff alleges it uses and owns the following federally registered copyrights: U.S. Registration Nos. VAu 1-565-232, VAu 1-565-357, VAu 1-565-358 and VAu 1-565-338 (the "Grizzy Copyrights"). (Compl., Dkt. 1, at 1). Plaintiff filed this lawsuit to "combat the online copyright infringement and counterfeiting of Defendants, who trade upon Plaintiff's valuable intellectual property including Grizzy Copyrights and to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from, the Grizzy Copyrights through the use, manufacture, offer to sell, and sale of unauthorized and infringing products." (*Id.* at 1–2). Plaintiff alleges that Defendants use and operate interactive e-commerce stores under the seller aliases identified in Schedule A to Plaintiff's Complaint, (Dkt. 1-3), to offer to sell or sell the infringing products. (*Id.* at 2). Plaintiff brings a claim of copyright infringement under 17 U.S.C. §§ 106 and 501. (*Id.* at 11–12). Plaintiff seeks a permanent injunction and damages. (*Id.* at 12−15).

1

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## III. DISCUSSION

Because a preliminary injunction is extraordinary relief, and Plaintiff requests that the Court enjoin ninety-nine Defendants in a single injunction, (*see* Schedule A to Compl., Dkt. 1-3), the Court will carefully consider Plaintiff's joinder allegations. Under Federal Rule of Civil Procedure 20, defendants may "be joined in one action" if "any right to relief is asserted to them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Court will deny Plaintiff's motion because Plaintiff's joinder allegations are insufficient and appear potentially inaccurate.

To support its case for joinder of these ninety-nine Defendants, Plaintiff argues that its "well-pleaded allegations regarding registration patterns, similarities among the e-commerce stores operating under the Seller Aliases and the Unauthorized Grizzy Products for sale thereon, and common tactics employed to evade enforcement efforts establish a logical relationship among the Defendants and that Defendants are interrelated." (Mot., Dkt. 11-1, at 4). Plaintiff further attempts

to support joinder in Andrew Masterson's[1] Declaration to the motion, in which Masterson states that "[t]he similarities among product titles, product descriptions, images, particularly manipulated images, graphics, and overlapping online reviews, indicate that the Defendants are related or in further communication with each other to share infringing contact and work in concert in an attempt to avoid detection." (Masterson Decl., Dkt. 11-2, at 4). However, in the exhibits filed with the Court documenting the allegedly infringing products, (*see generally* Dkts. 11-3 through 11-15), Plaintiff nowhere identifies what those consistent similarities are that indicate a common source, so the Court cannot assess Plaintiff's claims.

The Court also notes that the exhibits Plaintiff filed reveal that the allegedly infringing products in fact have a variety of price points, names, and seller names, such that the Court cannot presume the Defendants are acting in concert based on any attributes from its own review of the exhibits. (*Id.*). Plaintiff's Complaint likewise does not clarify the commonalities between Defendants that give rise to the assumption that they are working together. (Compl., Dkt. 1, at 2).[2] Thus, Plaintiff has not established that its claims against Defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"—the foundational consideration for joinder in federal court. Fed. R. Civ. P. 20. As such, Plaintiff fails to show that joinder is appropriate. Because Plaintiff has failed to demonstrate a likelihood of success on the merits, the Court finds that Plaintiff's Motion for Preliminary Injunction, (Dkt. 11), must be denied.

---

[1] Masterson is a consultant for Plaintiff. (Masterson Decl., Dkt. 11-2, at 1).

[2] To support joinder, Plaintiff's Complaint alleges that: "Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized/Infringing Goods to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and that Defendants' counterfeiting operation such that Defendants' infringement arises out of the same transaction, occurrence, or series of transactions or occurrences." (Compl., Dkt. 1, at 2).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction,

(Dkt. 11), is **DENIED**.

**SIGNED** on June 5, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE